Wright, J.
From the above statement of facts, it appears that Harper gave a purchase money mortgage. Afterward, but before condition broken, he married Lucinda Harper, the defendant in error, claiming dower. Harper’s executors sold the mortgaged property to pay a balance due upon the mortgage. After paying the debt, a surplus re *467 •mained. The question is: Is Lucinda Harper dowable of this surplus alone, or of the whole sum for which the mortgaged premises sold ?
The widow is dowable: First, where the husband is -seized of an inheritable estate during coverture. Second, where he has an equitable estate at his death.
In this case, the right of dower in the whole sum for which the mortgaged premises sold depends upon this: "Was the husband seized of this estate during coverture?
The proposition is often stated, that the mortgagor has a legal estate, and that he has a seizin in law. Perhaps this 'idea generally prevails in the State of Ohio. For the interest he has in -property which he has mortgaged, and which is denominated his equity of redemption, may be levied on and sold, like any other legal estate.
At common law, the mortgage was an estate upon condition. The legal estate was conveyed to the mortgagee^ subject to be defeated by the payment of the money. The mortgagor, therefore, could not be said, technically, to be ■seized. Really, all 'the husband owned at any time during coverture was the residue remaining after the mortgage debt was paid. If the wife seeks dower in more than this, upon the technical doctrine of -seizin, she must be content with exactly what the technicality gives her.. And if, by making the mortgage before marriage, conveying away his legal estate upon condition that he might redeem it, the husband retains seizin no longer, the ground of the wife’s ■claim is gone.
Under our decisions, it is held that the seizin of one who makes a purchase-money mortgage is technical, and is not .an estate to which dower attaches. Welch v. BucMns, 9 Ohio St. 331. ■ Of that character is the seizin in this case. It was a purchase-money mortgage, made before marriage, and the seizin, whatever it was, instantaneous or otherwise, was conveyed away by this mortgage, in strict law. The ■deed of conveyance was a deed of condition, by which the liusband might redeem, still it was a deed sufficient to transfer this technical seizin, though named a mortgage.
*468 This doctrine of instantaneous seizin is somewhat technical. It was invented for righteous ends, and is therefore useful. It would he the height of wrong that, a wife should have dower as against the purchase-money mortgage. But the fact is, it is not the duration of time so much as the beneficial interest in the husband, that is the criterion. 1 Wash. Real Prop. 175, 218. According to this, the husband has no beneficial interest except in what was left after paying1’ the debt, and the wife takes the husband, as she takes the estate, cum onere.
In State Bank v. Hinton, 21 Ohio St. 509, the wife joined in the mortgage and she was held dowable of the surplus and not of the whole proceeds payable.out of the surplus.
In the present ease the mortgage was made before marriage, and we think the same rule should apply. Nor do we think that because the marriage occurred before condition broken, the case is varied. At the time of his death the husband had but an equitable estate, and to that extent alone his widow is dowable.
Judgment of Common Pleas reversed, and cause remanded to that court for further proceedings.
Scott, Chief Judge, Day, Johnson, and Ashburn, JJ.r concurred.